Alvaro Rodrigo **CIFUENTES–VILLATORO**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–70444.
INS No. A70–788–500.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Aug. 7, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON, and
BOOCHEVER, Circuit Judges.

MEMORANDUM**

Alvaro Rodrigo Cifuentes–Villatoro, a
native and citizen of Guatemala, petitions
for review of the Board of Immigration
Appeals' ("BIA") decision dismissing his
appeal of the immigration judge's ("IJ")
denial of his application for asylum and
withholding of removal. We have jurisdic-
tion pursuant to 8 U.S.C. § 1252, and we
deny the petition.

We review the BIA's determination that
an applicant has not proven eligibility for
asylum or withholding of removal for sub-
stantial evidence. *Cardenas v. INS*, 294
F.3d 1062, 1065 (9th Cir.2002); *Molina–
Estrada v. INS*, 293 F.3d 1089, 1093 (9th
Cir.2002). Therefore, we must uphold its
decision unless Cifuentes–Villatoro shows
that the evidence not only supports rever-
sal, but compels it. *Pedro–Mateo v. INS*,
224 F.3d 1147, 1150 (9th Cir.2000) (quoting
*INS v. Elias–Zacarias*, 502 U.S. 478, 481
n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

The Attorney General has discretion to
grant asylum to individuals who are unable
or unwilling to return to their country of
origin "because of persecution or a well-
founded fear of persecution on account of
race, religion, nationality, membership in a
particular social group, or political opin-
ion[.]" 8 U.S.C. § 1101(a)(42)(A); *see also*
8 U.S.C. § 1158(b).

Cifuentes–Villatoro asserts that he suf-
fered past persecution and has a well-
founded fear of future persecution on two
grounds: his membership in the Guatema-
lan army and his political opinion. With
respect to his claim of past persecution
because of his membership in the Guate-
malan army, this circuit has held that the
military is not a social group qualifying its
current members for asylum eligibility.
*Arriaga–Barrientos v. INS*, 937 F.2d 411,
414 (9th Cir.1991); *see also Cruz–Navarro
v. INS*, 232 F.3d 1024, 1029 (9th Cir.2000).
Although "fear of [future] reprisal from
guerrillas on the part of an ex-[member of
the military] is a type of political persecu-
tion[,]" *Montecino v. INS*, 915 F.2d 518,
520 (9th Cir.1990), Cifuentes–Villatoro has
not adduced "credible, direct, and specific
evidence in the record of facts that would
support a reasonable fear of persecu-
tion...." *Duarte de Guinac v. INS*, 179
F.3d 1156, 1159 (9th Cir.1999). Further-
more, because Cifuentes–Villatoro present-
ed no evidence that guerrillas attempted to
recruit him based on his actual or imputed
political beliefs, substantial evidence sup-
ports the BIA's determination that he
failed to establish past persecution or a
well-founded fear of future persecution on
account of political opinion. *See Pedro–
Mateo*, 224 F.3d at 1151 (citing *Elias–
Zacarias*, 502 U.S. at 482–83).

Cifuentes–Villatoro's failure to meet the
standard for asylum necessarily consti-
tutes failure to meet the more stringent
standard for withholding of removal. *See
Pedro–Mateo*, 224 F.3d at 1150.

PETITION FOR REVIEW DENIED.

FERGUSON, Circuit Judge, dissenting.

I respectfully dissent. The majority
holds that Alvaro Rodrigo "Cifuentes–Vil-
latoro has not adduced 'credible, direct,

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

and specific evidence in the record of facts that would support a reasonable fear of persecution.'" Maj. Op. at —— (quoting *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir.1999)). I disagree. The evidence that Cifuentes–Villatoro proffered is sufficient to find that his fear of persecution if returned to Guatemala is objectively reasonable. *See id.*

First, it is important to note that the Immigration Judge ("IJ") found Cifuentes–Villatoro credible and accepted his testimony, notwithstanding any inconsistencies that there may have been. In other words, the IJ believed Cifuentes–Villatoro was telling the truth about his harassment by the guerrillas. "Because the immigration judge is in the best position to evaluate an alien's testimony, his or her credibility determinations are to be given 'much weight.'" *Estrada v. INS*, 775 F.2d 1018, 1021 (9th Cir.1985) (quoting *Phinpathya v. INS*, 673 F.2d 1013, 1019 (9th Cir.1981), *rev'd on other grounds*, 464 U.S. 183, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984)).

Cifuentes–Villatoro's asylum application references three letters that he received from the guerrillas ordering him to desert the military and join them. It also describes the incident that ultimately prompted Cifuentes–Villatoro to flee Guatemala, the ambushing of his vehicle during which his wife was shot and killed. At the hearing, Cifuentes–Villatoro reiterated his fear of persecution by the guerrillas based on the letters he received and the ambush incident. Taking this testimony as true as the IJ did, Cifuentes–Villatoro possessed a reasonable fear of persecution. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997) (holding that "[t]he BTF wanted to recruit Sangha and threatened him with death. These BTF actions are sufficient to show persecution under the Act."); *see also Arteaga v. INS*, 836 F.2d 1227, 1232 (9th Cir.1988) ("Forced recruitment by a revolutionary army is tantamount to kidnapping, and is therefore persecution.").

No amount of changed political circumstances or lapse of time can diminish the fact that Cifuentes–Villatoro was singled out by the guerrillas and that his wife was killed as a result. While it is true that Cifuentes–Villatoro failed to provide any evidence that his family in Guatemala is being harassed by the guerrillas presently, *see Estrada v. INS*, 775 F.2d at 1021–22, this can be partially explained by the fact that Cifuentes–Villatoro's wife, and thus his closest family member, was killed during the ambush.

In addition, Cifuentes–Villatoro's claim for asylum and withholding of removal is based on his own individual membership in the military and his blatant refusal to desert at the request of the guerrillas. His mother and children, who were quite young when Cifuentes–Villatoro fled Guatemala, had no other ties to the military. The fact that his brother continues to serve in the military and has not been targeted by the guerrillas is inapposite given that the record lacks any information as to his brother's political opinion (or the political opinion of his other family members) and whether he was similarly ordered to desert his post. Moreover, that the record is lacking any evidence that Cifuentes–Villatoro's family members are presently being targeted by the guerrillas is minimally probative because the asylum application is based on an individual's political opinion and disassociation from the guerrillas.

Furthermore, contrary to the majority's assertion, the totality of the circumstances demonstrate that Cifuentes–Villatoro's persecution by the guerrillas stemmed from his holding a contrary political opinion.

Cifuentes–Villatoro's asylum application notes that his refusal to desert the military and join the guerrillas was twofold: "Because of the differences of political opinion and views based up on [sic] the fact that I don't agree with their ideal of freedom and democracy, specially [sic] now after they killed my wife and injured me, and two: Because those who desert from the military or join the guerrilla are put in jail or killed by the miltary [sic]." Thus, Cifuentes–Villatoro possessed a political opinion contrary to that held by the guerrillas.

Although the record in this case is sparse,[1] Cifuentes–Villatoro demonstrated that his persecutors were aware of his political opinion, and targeted him as a result. His refusal to leave the military and join the guerrillas upon receiving the first letter publicly evinced his political opinion, an opinion which the guerrillas were made aware of by his sheer inaction. Moreover, there was "no other logical reason for the persecution[,]" *Sangha v. INS,* 103 F.3d at 1490, particularly considering that the guerrillas took the extreme act of assassinating his wife after his initial refusal. The fact that the guerrillas continued to send Cifuentes–Villatoro letters instructing him to leave the military, even after they killed his wife, is further circumstantial[2] evidence that they targeted him because of his political opinion, and not simply because he refused to increase their ranks. *See id.* at 1489 ("it seems unlikely that the BTF would deliberately seek out those who opposed it in order to fill its ranks."). The only logical reason for the harm they caused Cifuentes–Villatoro was his political opinion.

In sum, Cifuentes–Villatoro has clearly demonstrated well-founded facts which entitle him to asylum relief.

---

1. Cifuentes–Villatoro was not represented by an attorney during his hearing.

2. Direct or circumstantial evidence of motive is acceptable. *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

